**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-6656

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ALEXANDER OTIS MATTHEWS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:11-cr-00087-LO-1; 1:11-cr-00348-LO-1; 1:12-cv-00132-LO)

Submitted: September 30, 2015          Decided: November 5, 2015

Before WILKINSON and KING, Circuit Judges, and DAVIS, Senior Circuit Judge

Vacated and remanded by unpublished per curiam opinion.

Alexander Otis Matthews, Appellant Pro Se. Ryan Scott Faulconer, Peter August Frandsen, OFFICE OF THE UNITED STATES ATTORNEY, Jack Hanly, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexander Otis Matthews appeals from the district court's April 10, 2015 order granting in part and denying in part his motion under Fed. R. Civ. P. 60(b) seeking reconsideration of the denial of 28 U.S.C. § 2255 (2012) relief. We vacate the district court's order and remand for further proceedings.

"[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas [application]" and is subject to the preauthorization requirement of 28 U.S.C. § 2244(b)(3)(A) (2012) for successive applications. United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005)). By contrast, a "Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." Id. (quoting Gonzalez, 545 U.S. at 531-32). Where, however, a motion "'presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b),'" such a motion is a mixed Rule 60(b)/§ 2255 motion. See id. at 400 (quoting United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003)).

In his motion for correction, Matthews sought a remedy for perceived flaws in his § 2255 proceeding and raised direct attacks on his conviction and sentence. Accordingly, the motion was a mixed Rule 60(b)/§ 2255 motion. See McRae, 793 F.3d at 397, 400-01; Gonzalez, 545 U.S. at 532 n.4 (holding that a movant files a true Rule 60(b) motion "when he . . . asserts that a previous ruling which precluded a merits determination was in error"); Winestock, 340 F.3d at 207 (stating that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

The district court did not afford Matthews the opportunity to elect between deleting his successive § 2255 claims from his true Rule 60(b) claims or having his entire motion treated as a successive § 2255 motion. See McRae, 793 F.3d at 400 ("This Court has made clear that '[w]hen [a] motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application.'" (quoting Winestock, 340 F.3d at 207)). We therefore vacate the district court's order and remand for further proceedings.

3

We deny Matthews' motion for appointment of counsel and for oral argument. We grant leave to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED